UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

|  |  |
|---|---|
| JOHNNY WILLIAMS<br>5416 1st Street NE<br>Washington, DC 20011<br><br>              Plaintiff,<br><br>  v.<br><br>SOBRAN, INC.<br>4000 Blackburn Lane<br>Suite 100<br>Burtonsville, MD 20866<br><br>    Registered Agent:  CSC-Lawyers Incorporating<br>                          Service Company<br>                          7 St. Paul Street<br>                          Suite 820<br>                          Baltimore, MD 21202<br><br>             Defendant. | Civil Action No.: |

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Johnny Williams, alleges for his Complaint:

**PRELIMINARY STATEMENT**

1.      Plaintiff Johnny Williams brings this action against his former employer, Sobran, Inc. ("Sobran" or "Defendant").  Sobran hired Plaintiff in February 2015 to work as a "Program Support Specialist."  Over the next 1 ½ years, Sobran failed to consider Mr. Williams for five promotions on the basis that he lacked the required certifications for the positions he sought.  Despite that proffered rationale, Sobran filled those same positions with white employees, who lacked the very certifications cited as the basis for denying Mr. Williams consideration for those positions.

1

2.      Plaintiff complained about the discrimination to Sobran, which responded by offering him a position with less pay or a position with the same pay, but which was two hours from where he lived.

3.      Accordingly, this is an action for unlawful discrimination, on the basis of Plaintiff's race in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*, ("Section 1981"), and 42 U.S.C. § 2000e, *et seq.* ("Title VII").

## JURISDICTION AND VENUE

4.       This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343(a)(4).

5.      Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391(b)(2) as the acts and/or omissions alleged in this Complaint occurred in the Montgomery County, Maryland. Moreover, the Defendant are found in, reside, or transact business in Montgomery County, Maryland.

6.      Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission on July 3, 2017, which allows Plaintiff to pursue his claims in this United States District Court.

## PARTIES AND RELEVANT PERSONS

7.      Plaintiff Johnny Williams is an individual who is a resident of Maryland. Plaintiff is an African American male who was hired as a Program Support Specialist at Sobran in February 2015. Plaintiff was an employee of Sobran as defined under 42 U.S.C. §2000(e).

8.      Sobran is a technical and professional services company specializing in bioscience, engineering, logistics, security and supply chain.  Sobran is a foreign corporation formed in Ohio, with its headquarters located in Fairfax Virginia and its principal place of

business located in Montgomery County, Maryland.  Sobran conducts substantial business activities in the State of Maryland and within this District, and also conducts business affecting interstate commerce. Sobran is an employer defined by 42 U.S.C. §2000(e). Upon information and belief, at all relevant times herein, Sobran employed more than five-hundred (500) employees at any given moment. At all times relevant, Sobran acted by and through its agents, servants, and/or employees within the course and scope of their employment with Sobran and in furtherance of Sobran's business.

## FACTS COMMON TO ALL COUNTS

9.      Plaintiff was hired by Sobran as aa Program Support Specialist at Sobran in February 2015. Plaintiff continued to work at Sobran until November 2016.

10.     During his employment, Plaintiff sought promotions to a number of positions at a level higher than his own, but was not considered for those positions due to his race.

11.     The positions to which Plaintiff applied required certain prerequisites, including certifications and experience.

12.     The Vet Tech II ICU position required such prerequisites.

13.     Nonetheless, a white, female employee with the same job title and duties as Plaintiff was promoted to a Vet Tech II ICU position, despite not having the requisite certifications or experience.

14.     Plaintiff subsequently applied to a Vet Tech II ICU position, but was denied consideration because he allegedly lacked the certifications and experience required for the position.

15.     At a company "town hall" meeting, Plaintiff asked Bob Blackford, the Program Director for the Division of Veterinary Resources, about the hiring process for the Vet Tech

positions.  Mr. Blackford told Plaintiff that if an applicant lacked the required certification, then the applicant would not be considered for that position.

16.     Following the company "town hall", two Vet Tech I Primate positions became available.  Plaintiff desired a promotion to that position, but did not apply for either of those positions based on Mr. Blackford's response to Plaintiff at the "town hall" and the response Plaintiff received when he applied for the Vet Tech II ICU position.

17.     Despite the representations made by his superiors at Sobran, Chelsie Cox, a white female, and Danielle Nase, a white female, were hired for the Vet Tech I Primate positions. Neither Ms. Cox nor Ms. Nase possessed the required certifications for that position at the time they were hired.

18.     In addition, Kelly Dicken, a white female, who was in the same position as Mr. Williams was promoted to a Vet Tech I Primate position, even though she also lacked the required certification.

19.     Dillan Dunn, a white male, who was hired as a Program Support Specialist after Mr. Williams started, was also promoted to a Vet Tech I Primate position, despite lacking the required certification.

20.     During his time at Sobran, Plaintiff was told that he would not be considered for positions if he lacked the required certification.  In the meantime, Sobran promoted or hired 5 white individuals to the position that Plaintiff sought, despite their lacking the required certifications.

21.     Plaintiff complained about this discriminatory treatment at a company "town hall.". Following his complaint, Plaintiff was offered a Vet Tech I Primate Position, but it was at a facility in Poolsville, Maryland.  This would have increased Plaintiff's commute from 40

4

minutes round trip to a daily 2 ½ hour round trip commute.

22.     Plaintiff was unable to continue to endure the unfair, discriminatory treatment at Sobran and was constructively discharged in November 2016.

**COUNT I**
**DISCRIMINATION AND DISPARATE TREATMENT IN VIOLATION OF TITLE VII**

23.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

24.     Defendant discriminated against Plaintiff on the basis of his race and/or color in violation of Title VII by denying him the same terms and conditions of employment available to individuals who are not black, including but not limited to, subjecting him to disparate requirements for promotion and disparate opportunities for advancement within the workplace.

25.     Defendant further intentionally discriminated against Plaintiff by overlooking Plaintiff for promotions for which he was qualified.

26.     By virtue of the discriminatory, harassing, reckless, wrongful, willful and malicious treatment of the Plaintiff by the Defendant because of Plaintiff's race and the denial of equal opportunity, terms, conditions, and perquisites of employment, the Defendant violated the laws of the United States of America as set forth in Title VII

27.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered economic and non-economic damages set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

28.     Defendant's violations of Title VII were willful and warrant the imposition of punitive damages.

29.    Plaintiff seeks affirmative relief which may include, but is not limited to: requiring Defendant to provide avenues to address complaints of workplace discrimination; requiring that job positions contain racially neutral and objective criteria that is communicated to potential job applicants, and any other equitable relief as the Court deems appropriate, compensatory damages, attorneys fees, costs and disbursements of this action.

WHEREFORE, Plaintiff prays for relief as set forth below.

**COUNT II**
**DISPARATE TREATMENT IN VIOLATION OF 42 U.S.C. § 1981**

30.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

31.    Defendant discriminated against Plaintiff on the basis of his race and/or color in violation of 42 U.S.C. § 1981 by denying him the same terms and conditions of employment available to individuals who are not black, including but not limited to, subjecting him to disparate requirements for promotion and disparate opportunities for advancement within the workplace.

32.    Defendant further intentionally discriminated against Plaintiff by overlooking Plaintiff for promotions for which he was qualified.

33.    By virtue of the discriminatory, harassing, reckless, wrongful, willful and malicious treatment of the Plaintiff by the Defendant because of Plaintiff's race and the denial of equal opportunity, terms, conditions, and perquisites of employment, the Defendant violated the laws of the United States of America as set forth in 42 U.S.C. § 1981.

34.    As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff has suffered economic and non-economic damages set forth herein and has incurred attorneys' fees and costs. Plaintiff is now suffering and will continue to suffer irreparable injury

and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless, and until, the Court grants the relief requested herein.

35.     Defendant's violations of Section 1981 were willful and warrant the imposition of punitive damages.

36.     By virtue of the foregoing, Plaintiff seeks affirmative relief which may include, but is not limited to, requiring Defendant to post the avenues to address complaints of workplace harassment, discrimination, and retaliation, requiring Defendant's employees and defendants to undergo discrimination and retaliation training, and any other equitable relief as the Court deems appropriate, compensatory damages, attorneys fees, costs and disbursements of this action.

37.     Through its discriminatory conduct, Defendant deprived Plaintiff of his right to make and enforce contracts on the same terms as enjoyed by white persons in violation of 42 U.S.C. § 1981.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

38.     WHEREFORE, Plaintiff prays for relief in the form of a judgment against Defendant awarding punitive damages and any other relief the Court deems proper and just. Plaintiff prays for judgment against Defendant by awarding (1) compensatory damages; (2) equitable relief, including back pay, and reinstatement or front pay; (3) costs and attorney's fees; (4) punitive damages, and (5) any other relief the Court deems proper

## JURY AND TRIAL DEMAND

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

/s/ Brendan J. Klaproth

Brendan J. Klaproth (Bar No: 20080)

Klaproth Law PLLC
406 5th Street NW, Suite 350
Washington, DC 20001
Telephone: 202-618-2344
Email: Bklaproth@klaprothlaw.com
*Attorney for Plaintiff*

8